Frank C. Rothrock (SBN: 54452)
frothrock@shb.com
M. Kevin Underhill (SBN: 208211)
kunderhill@shb.com
Ina D. Chang (SBN: 240784)
ichang@shb.com
Erin L. Sparkuhl (SBN: 245583)
esparkuhl@shb.com
SHOOK, HARDY & BACON, LLP
5 Park Plaza, Suite 1600
Jamboree Center
Irvine, California 92614
Telephone: (949) 475-1500
Facsimile: (949) 475-0016

Attorneys for Defendant Hostess Brands, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EILEEN PEVIANI and VICTOR GUTTMANN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HOSTESS BRANDS, INC.,<br><br>Defendant. | Case No. CV 10-2303 CBM (VBKx)<br><br>Judge: Hon. Consuelo B. Marshall<br>Courtroom: 2<br><br>**JOINT REPORT OF CONFERENCE OF PARTIES PURSUANT TO RULE 26(f) AND PROPOSED DISCOVERY PLAN**<br><br>Complaint filed: March 30, 2010 |

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, the parties hereby respectfully submit this Joint Report of Conference of Parties and Proposed Discovery Plan. Counsel for the parties in this action conducted the early meeting of counsel via telephone on May 7, 2010, and have had continuing discussions regarding the subject matter of this report.

On May 6, 2010, Defendant Hostess Brands, Inc. ("Hostess") filed a Motion to Dismiss the Complaint in this case on the grounds Hostess is not subject to personal jurisdiction in California, that each claim of the Complaint fails to state sufficient facts to show Plaintiffs are entitled to relief as required by Rule 8, and the Complaint

1 fails to plead the alleged fraud-based claims with particularity against Hostess as
2 required by Rule 9(b). The Motion to Dismiss is also based on the ground Plaintiffs'
3 action is barred by the federal preemption. Pursuant to the Court's minute order of
4 May 7, 2010, the hearing on the Motion to Dismiss is scheduled for Monday, July 12,
5 2010.

## JOINT REPORT OF CONFERENCE OF PARTIES

(a) **Complex Case:** Plaintiffs and Hostess agree it will not be necessary to utilize the Manual for Complex Litigation in this case. The parties reserve the right to change their position if and to the extent the circumstances of the case should change.

(b) **Motion Schedule:**

1) **Motion to Dismiss:** Hostess has filed a Motion to Dismiss the Plaintiffs' Complaint, which is set for hearing on July 12, 2010. Depending on the Court's ruling on the Motion to Dismiss, Hostess anticipates that a further motion to dismiss may be filed if Plaintiffs are given leave to amend or Plaintiffs name another party defendant as a result of lack of personal jurisdiction over Hostess.

2) **Motion for Class Certification:**

**Hostess's Position:** A motion for class certification is premature until and unless there is an operative complaint. A motion for class certification should be filed within 90 days after there is an operative complaint.

**Plaintiffs' Position:** C.D. Cal. L-R 23 requires that Plaintiffs file their motion for class certification within 90 days of service of the complaint. Plaintiffs anticipate filing for class certification by June 30, 2010.

       3) **Dispositive Motions:**

          **The Parties' Position:** The parties agree that dispositive motions should be filed no later than 30 days after the close of discovery.

  (c)  **Settlement:** The parties agree Settlement Procedure No. 3 (non-judicial dispute resolution) as mandated by Local Rule 16-15.4 is most appropriate, but believe settlement discussions are premature until and unless there is an operative pleading. No settlement discussions have taken place to date.

  (d)  **Trial Estimate:** The parties estimate 3-5 court days for trial at this time.

  (e)  **Additional Parties:**

          **Hostess's Position:** The Motion to Dismiss filed by Hostess is based, in part, on lack of personal jurisdiction. The Motion to Dismiss and the supporting Declaration of J. Randall Vance note the products at issue are made, packaged, marketed, sold, and distributed by separate corporate entities – Interstate Brands Corporation and IBC Sales Corporation.

          **Plaintiffs' Position:** Defendants have failed to produce any evidence that Hostess Brands, Inc. is not the proper party. However, Plaintiffs are willing to consider substituting Interstate Brands Corporation and IBC Sales Corporation or adding other parties as required.

  (f)  **Expert Witnesses:**

          **The Parties' Position:** The parties agree that designated expert witnesses should submit an expert report, regardless of whether the witness was "retained or specially employed to provide expert testimony" as defined in Rule 26(a)(2)(B). Hostess proposes that expert disclosures be made sequentially. Plaintiffs should serve expert reports seven months after there is an operative pleading (i.e., the

date Hostess files an answer to a complaint or the Court denies a motion to dismiss). Hostess will serve expert reports eight months after there is an operative pleading. Plaintiffs will then have 20 days to serve any rebuttal expert reports.

## DISCOVERY PLAN

(A) **Initial Disclosures:**

**Hostess's Position:** It is premature to exchange initial disclosures until (and unless) there is an operative pleading. Hostess proposes the exchange of initial disclosures related to class certification take place 21 days after there is an operative pleading. If the Court grants certification of a class, Hostess proposes an exchange of initial disclosures related to merits issues 21 days after class certification.

**Plaintiffs' Position:** Plaintiffs served their initial disclosures on April 9, 2010. Plaintiffs disagree with Hostess's proposal, as Fed. R. Civ. P. 26(a)(1)(C) requires initial disclosures be served within 14 days of the scheduling conference. Plaintiffs would be prejudiced in their ability to, on a timely basis, conduct and plan discovery if the deviation from the Federal Rules Hostess proposes is allowed.

(B) **Subjects of Discovery (Discovery Deadlines & Phased Discovery):**

**Hostess's Position:** Hostess proposes a phased discovery plan under which the parties would conduct discovery related to class certification first. No merits discovery should take place while a motion for class certification is pending. Discovery regarding class certification may commence on the first day after there is an operative pleading. The fact discovery cutoff should be eight months after there is an operative pleading. The expert discovery cutoff should be ten months after there is an operative pleading.

**Plaintiffs' Position:** Plaintiffs believe Hostess's request for a stay of all merits discovery is unwarranted. Attempting to phase discovery will inevitably result in disputes over what is related to class certification and what is not.

(C) **Issues Related to Electronically Stored Information ("ESI"):** The parties agree that ESI should be discussed in the context of discovery once there is an operative pleading, the parties are able to reasonably identify the evidence that will be relevant, and – if necessary – can address the details of ESI discovery with the assistance of the Magistrate. The parties agree to meet and confer on the method for most efficiently handling ESI discovery.

(D) **Privilege and Protective Order Issues:** The parties will negotiate a protective order to protect the confidentiality of trade secret and confidential information. A proposed order will be lodged with the Court and, if the parties cannot agree on a proposed protective order, the matter will be submitted to the Court by motion. The parties are not presently aware of any anticipated discovery disputes related to claims of privilege or work-product protection but reserve the right to raise such objections if an when such disputes arise. The parties agree that a responding party shall prepare and produce a privilege log within 20 days from the date of any discovery responses asserting a claim of privilege. The privilege log shall include the date of the document, the author, recipient(s), and the basis for the claim of privilege.

(E) **Changes in Limitation on Discovery:**

**The Parties' Position:** Except as set forth above, the parties agree that there should be no need to modify the limitations on discovery imposed by the Federal Rules of Civil Procedure.

70790 v1

(F) **Other Orders that Should Be Issued Per Rule 26(c) and Rule 16(b) and (c):**

**Hostess's Position:** Except as set forth above, other orders regarding a protective order, scheduling, or the pretrial conference do not appear necessary at this time. Hostess believes it is premature to set a trial date until there is an operative pleading. But if the Court sets a trial date, Hostess submits it should be set 12 months after there is an operative pleading.

**Plaintiffs' Position:** Plaintiffs propose a trial date of March 7, 2011, lasting 4 days. Plaintiffs further propose that the final pre-trial conference occur February 21, 2011.

Dated: May 21, 2010                    SHOOK, HARDY & BACON L.L.P.

                                       By: /s/ Frank C. Rothrock
                                               Frank C. Rothrock

                                       Attorneys for Defendant
                                       Hostess Brands, Inc.

Dated: May 21, 2010                    THE WESTON FIRM

                                       By: /s/ Gregory S. Weston
                                               Gregory S. Weston

                                       Attorneys for Plaintiffs and Proposed
                                       Classes

Dated: May 21, 2010                    BECK & LEE BUSINESS TRIAL LAWYERS

                                       By: /s/ Elizabeth Lee Beck
                                               Elizabeth Lee Beck

                                       Attorneys for Plaintiffs and Proposed
                                       Classes

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1600, Irvine, California 92614.

On May 21, 2010, I served on the interested parties in said action the within:

**JOINT REPORT OF CONFERENCE OF PARTIES**

by placing a true copy thereof in a sealed envelope(s) addressed as stated on the attached mailing list.

☐ (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ (FAX) I caused such document(s) to be served via facsimile on the interested parties at their facsimile numbers listed above. The facsimile numbers used complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a report of the transmission, a copy of which is attached to the original of this declaration.

☐ (BY FEDERAL EXPRESS, AN OVERNIGHT DELIVERY SERVICE) By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered to the FEDERAL EXPRESS Service Center, on _____, to be delivered by their next business day delivery service on _____, to the addressee designated.

☒ (ELECTRONIC FILING) I provided the document(s) listed above electronically through the CM/ECF system pursuant to the instructions set forth in the Local Rules for the United States District Court for the Central District of California.

☐ (HAND DELIVERY) By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered by hand to the addressee(s) designated.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 21, 2010, at Irvine, California.

|  Deborah Hohmann  | /s/ Deborah Hohmann |
|---|---|
| (Type or print name) | (Signature) |

-1-

69777 v1

## SERVICE LIST

| | |
|---|---|
| Gregory s. Weston, Esq.<br>Jack Fitzgerald, Esq.<br>The Weston Firm<br>888 Turquoise Street<br>San Diego, CA  92109<br><br>Tel:  (858) 488-1672<br>Fax:  (480) 247-4553<br>greg@westonfirm.com<br>jack@westonfirm.com<br>**Counsel for Plaintiffs and Proposed Classes** | Jared H. Beck, Esq.<br>Elizabeth Lee Beck, Esq.<br>Beck & Lee Business Trial Lawyers<br>Courthouse Plaza Building<br>28 West Flagler Street, Suite 555<br>Miami, FL  33130<br><br>Tel:  (305) 789-0072<br>Fax:  (786) 664-3334<br>jared@beckandlee.com<br>elizabeth@beckandlee.com<br>**Counsel for Plaintiffs and Proposed Classes** |

-2-

69777 v1